UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRADLEY D. ERICKSON,**

   **Plaintiff,**

 v.

**WALSH CONSTRUCTION GROUP, LLC,**

   **Defendant.**

Case No. 2:23-cv-3296
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bradley D. Erickson's Motion to Enforce the Settlement Agreement (ECF No. 25) and Motion for Status Conference (ECF No. 33). Defendant Walsh Construction Group, LLC did not respond to Mr. Erickson's Motion to Enforce the Settlement Agreement, and the time to do so has passed. For the reasons stated in this Opinion and Order, the Motion to Enforce the Settlement Agreement (ECF No. 25) is **GRANTED** and the Motion for Status Conference (ECF No. 33) is **DENIED as MOOT.**

 **I.** **Background**

Mr. Erickson sued Walsh for unpaid wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and analogous state laws. (ECF No. 1.) He also brought a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, alleging that Walsh failed to remit insurance contributions and deductions on his behalf. (*Id.*) Walsh contested the allegations and denied that Mr. Erickson was entitled to relief in its answer. (ECF No. 6.)

After Walsh answered the Complaint, the parties reached a settlement and filed a joint motion for approval of their written agreement. (ECF No. 15, ECF No. 15-1.) The Court granted

that motion and approved the Settlement Agreement (ECF No. 16, PageID 111), and entered judgment (ECF No. 17).

Under the Settlement Agreement (ECF No. 15-1), Walsh agreed to pay Mr. Erickson $35,000.00 (*id.* PageID 76). One payment in the amount of $11,462.59 was to be treated as wages, subject to federal, state, and local tax withholdings. (*Id.*) The other payment of $11,362.59 was to be payable to Mr. Erickson without withholdings and reported on IRS Form 1099-MISC. (*Id.*) Walsh also agreed to pay Hunter Erickson, Mr. Erickson's son, $100.00 to release any potential ERISA claims. (*Id.*; *see also* ECF No. 15, PageID 68.) Last, Walsh agreed to pay Mr. Erickson's attorneys' fees of $11,655.00 and $419.83 for litigation-related costs. (*Id.*) Walsh was to make the payments to Mr. Erickson within 21 days of the Court's Order granting the joint motion—by June 5, 2024. (*Id.*)

By July 2024, Walsh had not complied with the Court's Order and the Settlement Agreement. Walsh's counsel of record moved to withdraw as counsel. (ECF No. 18.) Mr. Erickson opposed that motion expressing concerns that without counsel, Walsh would continue to not comply with the Court's Order. (ECF No. 19.) Contemporaneously with his opposition to the motion to withdraw, Mr. Erickson also filed a motion for an order to show cause. (ECF No. 20.) He argued that Walsh failed to make any payments as ordered by the Court. (*Id.*)

The Court ordered Walsh to show cause as to why it had failed to comply with the Settlement Agreement and this Court's Order. (ECF No. 21.) Because the Court had not yet granted the motion to withdraw as counsel of record, Attorney Colvin filed a response to the Order to Show Cause. (ECF No. 22.) In that response, counsel stated that "[d]espite numerous attempts to contact [Walsh]," counsel had not received responsive communication for Walsh in over 30 days. (*Id.* PageID 123.) As a result, counsel could not "provide a substantive response" to the Court's Show

2

Cause Order. (*Id.*) Counsel represented that it had transmitted copies of all docket entries to Walsh and would provide a copy of the Court's Show Cause Order by email and certified mail. (*Id.*)

A few weeks later, in September 2024, the Court granted to the motion to withdraw and gave Walsh 30 days to secure new counsel.[1] (ECF No. 23.) The Court mailed the Order to Walsh, but that mail was returned as undeliverable. (ECF No. 26.) The Court then ordered Walsh to file notice of its updated mailing address. (ECF No. 27.)

In December 2024, Mr. Erickson filed the Motion to Enforce the Settlement Agreement. (ECF No. 25.) Mr. Erickson asserts that Walsh has failed to make any of the payments agreed to under the Settlement Agreement and ordered by this Court. (ECF No. 25, PageID 132.) Walsh owes Mr. Erickson $22,824.88, and Mr. Erickson's counsel $12,074.83 in attorneys' fees and expenses. (*Id.* PageID 136.) As a result, he asks the Court to order Walsh to comply with the Court's Order adopting the Settlement Agreement (ECF No. 16) and require Walsh to immediately pay Mr. Erickson and his attorneys' the amounts owed. (ECF No. 25, Paged 136.)

The deadline to file a memorandum in opposition to the Motion to Enforce the Settlement Agreement expired in January 2025, and Walsh has not responded. *See* S.D. Ohio Civ. R. 7.2(a) (explaining that "[a]ny memorandum in opposition shall be filed within twenty-one days after the date of service on the motion").

---

[1] The Court acknowledges that Walsh is a limited liability company that is unrepresented. (*See* ECF No. 23.) "Generally, limited liability companies must be represented by counsel to defend a suit." *Jackson v. Reliance Constr. Servs., LLC*, No. 1:20-cv-799, 2023 U.S. Dist. LEXIS 134799, at *4 (S.D. Ohio Aug. 2, 2023) (McFarland, J.) (citation omitted). Walsh was represented by counsel throughout the lawsuit and executed the Settlement Agreement while represented. (*See* ECF Nos. 15, 15-1.) The Court dismissed the Complaint with prejudice and there is no longer a suit left for Walsh to defend. (*See* ECF Nos. 16, 17.) Thus, the Court may properly consider whether to enforce the Settlement Agreement against Walsh. *Jackson*, 2023 U.S. Dist. LEXIS 134799, at *4 (enforcing settlement agreement against unrepresented corporate entity because the entity was represented when it entered the agreement).

After several months, the Court issued an additional Order to show cause, directing Walsh to (1) notify the Court whether new counsel has been secured, (2) file notice of its updated mailing address, and (3) notify the Court whether it intends to oppose the Motion to Enforce the Settlement Agreement. (ECF No. 29.) The Court warned that failure to respond within 14 days would result in the Court treating the Motion to Enforce the Settlement Agreement as unopposed under the Court's Local Rules. (*Id.* PageID 142.)

Two months later, in April 2025, Mr. Erickson filed notice indicating that Walsh had not responded to the Court's Order and asked the Court to treat Mr. Erickson's Motion as unopposed. (ECF No. 32.) As of this Order, Walsh has not responded or complied with the Court's Orders. (ECF Nos. 16, 21, 27, 29.) The Court treats the Motion as unopposed.

Mr. Erickson also filed a Motion for Status Conference reiterating that Walsh has not responded to the Court's Orders and requesting a status conference on the pending Motion to Enforce the Settlement Agreement. (ECF No. 33.)

**II.  Analysis**

"It is well established within this circuit that a district court has the inherent authority to enforce a settlement agreement between the parties before it." *United States Olympic Comm. v. David Shoe Co.*, 835 F.2d 877, 877 (6th Cir. 1987) (citation omitted). Yet "enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit, it requires its own basis for jurisdiction." *Campbell v. Premierfirst Home Health Care Inc.*, No. 2:22-cv-199, 2025 U.S. Dist. LEXIS 86237, at *8 (S.D. Ohio May 6, 2025) (Jolson, M.J.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)); *see also Limbright v. Hofmeister*, 566 F.3d 672, 676 (6th Cir. 2009) (explaining that a court may enforce a settlement agreement if it has

4

federal question or diversity jurisdiction, even if the order of dismissal does not expressly note the retention of this authority).

The Court has jurisdiction to enforce the Settlement Agreement. The Court granted the parties' joint motion and adopted the Settlement Agreement. (ECF No. 16.) The joint motion asked the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. (ECF No. 15, PageID 63.) The Court incorporated the terms of that motion and the Settlement Agreement (ECF No. 16) and entered judgment in the case (ECF No. 17).

### A. Walsh breached the Settlement Agreement.

To enforce the Settlement Agreement, the Court first "must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001) (citation omitted). "[W]here an agreement is clear and unambiguous and no issue of fact is present," "summary enforcement of a settlement agreement" is appropriate. *Id.* at 646.

As discussed, the parties memorialized the terms of their settlement in their written agreement. (ECF No. 15-1.) That Agreement required Walsh to pay Mr. Erickson $35,000 within 21 days of the Court's approval of the Settlement Agreement. (*Id.* PageID 76.) The Court approved the Settlement Agreement on May 15, 2024, and Walsh's payment was due on June 5, 2024— more than a year ago. (ECF No. 16.) To date, Mr. Erickson asserts that Walsh has not made any of the required payments. (ECF No. 25.)

Walsh does not refute Mr. Erickson's Motion. Despite several show cause orders, Walsh failed to respond. The Court warned Walsh that a failure to respond would result in the Court treating the Motion as unopposed. (ECF No. 29, PageID 142.) Walsh's "failure to respond" to the Court's show cause orders, and "failure to keep the Court advised of [its] current address," "indicates a clear abandonment of this litigation" and any defenses to the Motion to Enforce the

Settlement Agreement. *Glover v. Kirsher*, No. 2:13-cv-976, 2015 U.S. Dist. LEXIS 43754, at *2 (S.D. Ohio Apr. 2, 2015) (Kemp, M.J.), *adopted by* 2015 U.S. Dist. LEXIS 53515, at *1 (S.D. Ohio Apr. 23, 2015) (Frost, J.).

Therefore, the Court finds that Walsh breached the Settlement Agreement and violated this Court's Order (ECF No. 16) by failing to pay Mr. Erickson and his attorneys the required payments. The Court **GRANTS** Mr. Erickson's Motion to Enforce the Settlement Agreement against Walsh and **ORDERS** Walsh to pay the $35,000 owed. (ECF No. 15-1, PageID 76.)

### B. Mr. Erickson is entitled to post-judgment interest.

Mr. Erickson also asks the Court to award him post-judgment interest. (ECF No. 25, PageID 136.) 28 U.S.C. § 1961(a) requires that post-judgment interest be awarded on a money judgment in a civil action. *Broad. St. Energy Co. v. Endeavor Ohio, LLC*, No. 2:12-CV-711, 2014 U.S. Dist. LEXIS 208141, at *13 (S.D. Ohio Nov. 14, 2014) (Marbley, J.). Post-judgment interest is calculated "from the date of the entry of judgment" at a rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). "[T]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990). The district court has no discretion to deny post-judgment interest, as it is mandatory. *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002).

Here, Walsh breached the Settlement Agreement and the Court must award Mr. Erickson post-judgment interest at the applicable statutory rate until this Order is satisfied. Under § 1961,

Mr. Erickson is entitled to interest commencing on the date of this Order. The Court therefore **GRANTS** Mr. Erickson's request for post-judgment interest.

### C. Mr. Erickson may be entitled to attorneys' fees incurred in pursuit of the enforcement of the Settlement Agreement.

Next, Mr. Erickson requests that this Court award attorneys' fees incurred in preparing the instant Motion. (ECF No. 25, PageID 134–36.)

Generally, litigants in federal court bear their own attorneys' fees and expenses. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). That said, attorneys' fees are available as compensatory damages when a party either files a breach of contract claim or a motion to enforce a settlement agreement before the original trial court. *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-1298, 2018 U.S. Dist. LEXIS 34445, at *8 (N.D. Ohio Mar. 2, 2018) (citations omitted). When a party's breach of the settlement agreement makes litigation necessary, Ohio law[2] allows an award of attorneys' fees. *Rohrer Corp. v. Dane Elec Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012) (reviewing Ohio caselaw and explaining that attorneys' fees are available even where none of the exceptions to the American rule apply and neither party acted in bad faith); *see also Jackson*, 2023 U.S. Dist. LEXIS 134799, at *9 (awarding attorneys' fees when plaintiff was forced to litigate a motion to enforce a settlement agreement).

As discussed, Walsh breached the Agreement by failing to pay Mr. Erickson for over a year. As a result, Mr. Erickson was forced to litigate this Motion and may be entitled to attorneys' fees.

Once a party establishes that they are entitled to attorneys' fees, the Court computes an award of attorneys' fees by using the lodestar method. *Yerkes v. Ohio State Highway Patrol*, No.

---

[2] Ohio law applies because the Settlement Agreement included a choice-of-law clause that states that "all matters arising out of or relating to this Agreement . . . shall be governed and construed in accordance with the laws of Ohio." (ECF No. 15-1, PageID 80.)

7

2:19-cv-2047, 2024 U.S. Dist. LEXIS 217755, at *35–36 (S.D. Ohio Dec. 2, 2024). The lodestar amount is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Ultimately, "[t]he party seeking attorney's fees bears the burden of establishing entitlement to an award." *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (internal quotation omitted).

The Motion to Enforce the Settlement Agreement did not include billing records, counsel's hourly rate, or the number of hours expended in litigating this Motion. (*See* ECF No. 25.) The Court is therefore currently unable to calculate a lodestar to award attorneys' fees. Mr. Erickson may file a motion for attorneys' fees and costs within 30 days of this Order. Walsh shall file a response, if any, 15 days thereafter. There will be no reply.

### III. Conclusion

For the reasons above, the Motion to Enforce the Settlement Agreement (ECF No. 25) is **GRANTED**. Walsh is **ORDERED** to pay Mr. Erickson (1) the full settlement amount of $35,000 and (2) post-judgment interest at the applicable statutory rate starting on the date of this Order until judgment is satisfied.

Since the Court granted the Motion to Enforce the Settlement Agreement (ECF No. 25), Mr. Erickson's Motion for Status Conference is **DENIED as MOOT** (ECF No. 33).

Mr. Erickson is **ORDERED** to file a motion for attorneys' fees and costs, if any, within **30 DAYS** of this Order. Walsh shall file a response, if any, **15 DAYS** thereafter. There will be no reply. This case remains closed.

**IT IS SO ORDERED.**

**8/20/2025**                                         s/Edmund A. Sargus, Jr.
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**

8