UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRADLEY D. ERICKSON,

      **Plaintiff,**

      v.

WALSH CONSTRUCTION GROUP, LLC,

      **Defendant.**

Case Number 2:23-cv-3296
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bradley D. Erickson's Motion for Attorneys' Fees and Expenses Incurred in the Pursuit of Enforcement of the Settlement Agreement. (ECF No. 35.) Defendant Walsh Construction Group, LLC ("Walsh") did not respond, and the time to do so has passed. For the reasons below, the Court **GRANTS** Mr. Erickson's Motion for Attorneys' Fees and Expenses. (ECF No. 35.)

## BACKGROUND

Mr. Erickson sued Walsh for unpaid wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and analogous state laws. (ECF No. 1.) In addition to his single-plaintiff wage law claims, Mr. Erickson brought a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, alleging that Walsh failed to remit insurance contributions and deductions on his behalf. (*Id.*) Walsh contested the allegations and denied that Mr. Erickson was entitled to relief in its answer. (ECF No. 6.)

After Walsh answered the Complaint, the Parties reached a settlement and filed a joint motion for approval of their Settlement Agreement. (ECF No. 15.) The Court granted that motion and approved the Settlement Agreement (ECF No. 16, PageID 111), and entered

judgment (ECF No. 17). Under the Settlement Agreement, Walsh agreed to pay $35,000.00, which included payment for wages to Mr. Erickson, payment for Mr. Erickson's attorneys' fees and costs, and a $100.00 payment to Hunter Erickson—Mr. Erickson's son—to release any potential ERISA claims. (ECF No. 15, PageID 68 n.1; ECF No. 15-1, PageID 76.) Walsh was to make these payments within 21 business days of the Court's approval of the Settlement Agreement. (ECF No. 15-1, PageID 76.) The Court approved the Settlement Agreement on May 15, 2024. (ECF No. 16.)

As of July 10, 2024, Walsh had not made any payments (ECF No. 20) and Walsh's counsel of record moved to withdraw (ECF No. 18). The Court ordered Walsh to show cause as to why it had failed to comply with the Settlement Agreement and this Court's Order approving the Settlement Agreement. (ECF No. 21.) Because the Court had not yet granted the motion to withdraw as counsel, Walsh's counsel filed a response to the Show Cause Order, stating that "[d]espite numerous attempts to contact [Walsh]," counsel had not received responsive communication from Walsh for over 30 days. (ECF No. 22.)

A few weeks later, in September 2024, the Court granted the motion to withdraw and gave Walsh 30 days to secure new counsel.[1] (ECF No. 23.) The Court mailed the Order to

---

[1] "Generally, limited liability companies must be represented by counsel to defend a suit." *Jackson v. Reliance Constr. Servs., LLC*, No. 1:20-cv-799, 2023 WL 4933269, at *2 (S.D. Ohio Aug. 2, 2023) (McFarland, J.). Walsh was represented by counsel throughout the lawsuit and executed the Settlement Agreement while represented. (*See* ECF Nos. 15, 15-1.) The Court dismissed Mr. Erickson's claims with prejudice, so there is no longer a suit left for Walsh to defend. (*See* ECF Nos. 16, 17.) Thus, the Court may properly consider whether to award Mr. Erickson attorneys' fees incurred in enforcing the Settlement Agreement against Walsh. *Jackson*, 2023 WL 4933269, at *2–5 (enforcing settlement agreement and awarding attorneys' fees against unrepresented corporate entity because the entity was represented by counsel when the settlement agreement was executed and the Complaint was dismissed).

Walsh, but that mail was returned as undeliverable. (ECF No. 26.) The Court then ordered Walsh to file notice of its updated mailing address, which Walsh failed to do. (ECF No. 27.)

In December 2024, Mr. Erickson filed a Motion to Enforce the Settlement Agreement, asking the Court to (1) order Walsh to comply with the Court's Order adopting the Settlement Agreement and (2) require Walsh to immediately pay Mr. Erickson and his attorneys the amounts owed. (ECF No. 25.) After several months passed with no response from Walsh, the Court issued another Show Cause Order, directing Walsh to notify the Court whether new counsel has been secured, file notice of its updated mailing address, and notify the Court whether it intends to oppose the Motion to Enforce the Settlement Agreement. (ECF No. 29.) The Court warned that failure to respond within 14 days would result in the Court treating the Motion to Enforce the Settlement Agreement as unopposed under the Court's Local Rules. (*Id.*) Walsh did not respond to Mr. Erickson's Motion or comply with the Court's Orders, so the Court treated the Motion as unopposed. (ECF No. 34, PageID 153.)

The Court granted Mr. Erickson's Motion to Enforce the Settlement Agreement, finding that Walsh breached the Settlement Agreement and violated this Court's Order (ECF No. 16) by failing to pay Mr. Erickson and his attorneys the required payments. (ECF No. 34, PageID 155.) The Court explained that (1) the parties memorialized the terms of their settlement in the written Settlement Agreement, (2) the Settlement Agreement required Walsh to pay Mr. Erickson $35,000 within 21 days of the Court's approval, (3) the Court approved the Settlement Agreement on May 15, 2024, and (4) Walsh did not make the required payments. (*Id.* PageID 154.)

In his Motion to Enforce the Settlement Agreement, Mr. Erickson asked the Court to award attorneys' fees incurred in preparing the motion. (ECF No. 25, PageID 135–36.) The

Court explained that it was unable to grant that request because Mr. Erickson had not provided billing records, counsel's hourly rate, or the number of hours expended in litigating the motion. (ECF No. 34, PageID 157.) The Court permitted Mr. Erickson to file a motion for attorneys' fees and costs within 30 days, and allotted 15 days for Walsh to file a response. (*Id.*) Mr. Erickson filed an updated Motion for Attorneys' Fees and Expenses (ECF No. 35), and Walsh did not respond.

**ANALYSIS**

Generally, litigants in federal court bear their own attorneys' fees and expenses. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). That said, Ohio law[2] allows a court to award attorneys' fees as compensatory damages when a party's breach of a settlement agreement makes litigation necessary. *Rohrer Corp. v. Dane Elec Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012)); *see also Jackson*, 2023 WL 4933269, at *3 (awarding attorneys' fees when plaintiff was forced to litigate a motion to enforce a settlement agreement).

As the Court explained in its Opinion and Order granting Mr. Erickson's Motion to Enforce the Settlement Agreement, Walsh breached the Settlement Agreement and violated this Court's Order (ECF No. 16) by failing to pay Mr. Erickson and his attorneys the required payments. (ECF No. 34, PageID 155.) As a result of Walsh's actions, Mr. Erickson was forced to pursue litigation and file various motions to enforce the Settlement Agreement. Therefore, under Ohio law, Mr. Erickson is entitled to attorneys' fees stemming from Walsh's breach of the Settlement Agreement, so long as they are reasonable. *Jackson*, 2023 WL 4933269, at *3.

---

[2] Ohio law applies because the Settlement Agreement included a choice-of-law clause stating that "all matters arising out of or relating to this Agreement . . . shall be governed by and construed in accordance with the laws of Ohio." (ECF No. 15-1, PageID 80.)

Once a party establishes that they are entitled to attorneys' fees, the Court computes an award of attorneys' fees by using the lodestar method. *Id.* at \*4 (citing *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)). The lodestar amount is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle*, 515 F.3d at 551 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Ultimately, the party seeking attorneys' fees "bears the burden of establishing entitlement to an award." *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437).

Mr. Erickson argues he is entitled to an award of $4,454.00 for the attorneys' fees and expenses incurred in pursuit of enforcing the Settlement Agreement. (ECF No. 35, PageID 159.) Mr. Erickson's counsel spent a total of 14.30 hours working on motions related to enforcing the Settlement Agreement. (*Id.*; ECF No. 35-1, PageID 165–66.) Attorney Robert DeRose expended 2.80 hours and charges a rate of $600.00 per hour, Attorney Anna Caplan expended 7.80 hours and charges a rate of $275.00 per hour, and Paralegal Julie Streich expended 3.70 hours and charges a rate of $170.00 per hour. (ECF No. 35, PageID 159; ECF No. 35-1, PageID 165–66.)

First, the Court evaluates whether the hourly rates are reasonable. A reasonable hourly rate is "based on the 'prevailing market rate in the relevant community' for lawyers of comparable skill and experience[.]" *Yellowbook*, 708 F.3d at 849 (citation omitted). This Court often relies on the Ohio State Bar Association's Survey on Economics of Law Practice ("Survey") to help determine the reasonableness of attorneys' hourly rates. *See Equity Res., Inc. v. T2 Fin., LLC*, No. 2:21-cv-5922, 2025 WL 699462, at \*4 (S.D. Ohio Mar. 5, 2025) (collecting cases). As justification for their hourly rates, Mr. Erickson's counsel submits a declaration from

5

Attorney DeRose stating that their rates are "consistent with the firm's capabilities, experience, size, and reputation." (*See* ECF No. 35-1, PageID 166.)

Attorney DeRose, a partner with 32 years of experience as a trial lawyer and 19 years of experience representing employees and consumers in class and collective action lawsuits, charges an hourly rate of $600.00. (ECF No. 35-1, PageID 162, 163, 165–66.) According to the 2024 Survey, an hourly rate of $600.00 is at the high end of billing rates for private employment lawyers, but given Attorney DeRose's significant experience, the Court finds this rate to be reasonable. *See* Ohio State Bar Association, *The Economics of Law Practice in Ohio*, at 40 (2024) (available at https://www.ohiobar.org/member-tools-benefits/practice-management-tools-and-services/economics-of-law-practice-study/). As discussed below, Mr. DeRose's time spent on this matter—2.80 hours—was not substantial.

Attorney Caplan is an associate and obtained her license to practice law in November 2024, and charges an hourly rate of $275.00. (ECF No. 35-1, PageID 165–66.) Because Attorney Caplan had less than one year of experience while the litigation related to enforcing the Settlement Agreement ensued, the Court finds that her $275.00 rate is unreasonable and reduces it to $215.00 per hour—the median hourly billing rate for private attorneys who have been in practice for 2 years or less according to the 2024 Survey. *See The Economics of Law Practice in Ohio* at 41.

Paralegal Streich is a senior paralegal and charges an hourly rate of $170.00. (ECF No. 35, PageID 159; ECF No. 35-1, PageID 165–66.) This Court recently approved similar rates for paralegals. *See, e.g.*, *Campbell v. Premierfirst Home Health Care Inc.*, No. 2:22-cv-199, 2025 WL 1640821, at *1 (S.D. Ohio May 20, 2025) (Jolson, J.) (approving $195.00 hourly rate for paralegal); *Yerkes v. Ohio State Highway Patrol*, No. 2:19-cv-2047, 2024 WL 4929293, at *14

6

(S.D. Ohio Dec. 2, 2024) (approving $175.00 hourly rate for paralegal). Accordingly, the Court finds the rate charged by Paralegal Streich to be reasonable.

Now, the Court turns to the second component of the lodestar analysis—whether the number of hours worked are reasonable. "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Jackson*, 2023 WL 4933269, at *4. In addition, "the documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended." *Id.*

Mr. Erickson's counsel spent 14.30 hours working on filings related to enforcing the Settlement Agreement, including the Motion to Enforce the Settlement Agreement and the instant Motion for Attorneys' Fees and Expenses. (ECF No. 35-1, PageID 165–66, 177–80.) To demonstrate how these hours are allocated, counsel submitted an itemized timesheet of the hours billed. (*Id.* PageID 177–80.) Attorney DeRose worked for 2.80 hours, Attorney Caplan worked for 7.80 hours, and Paralegal Streich worked for 3.70 hours. (*Id.* PageID 165–66, 177–80.) A reasonable attorney would believe that 14.30 hours needed to be reasonably expended to enforce the Parties' Settlement Agreement. Additionally, the documentation provided in support is detailed enough to support a conclusion that these hours were actually and reasonably expended. (*See id.*) There is no evidence of duplicative, wasteful, or excessive billing. Accordingly, the 14.30 hours of work by Mr. Erickson's counsel are reasonable.

To sum, after conducting a lodestar analysis, the Court concludes that the following rates and hours are reasonable: 2.80 hours worked by Attorney DeRose at a rate of $600.00 per hour, for a total fee of $1,680.00; 7.80 hours worked by Attorney Caplan at a rate of $215.00 per hour,

for a total fee of $1,677.00; and 3.70 hours worked by Paralegal Streich at a rate of $170.00 per hour, for a total fee of $629.00. Mr. Erickson's counsel also incurred $2.45 in expenses while trying to serve Walsh with a copy of the motions related to enforcing the Settlement Agreement, which the Court finds to be reasonable. (ECF No. 35, PageID 159; ECF No. 35-1, PageID 165, 180.) Accordingly, an award of $3,988.45 to Mr. Erickson for attorneys' fees and expenses is warranted.

## CONCLUSION

For the reasons above, the Court **GRANTS** (ECF No. 35) Plaintiff Bradley D. Erickson's Motion for Attorneys' Fees and Expenses Incurred in the Pursuit of Enforcement of the Settlement Agreement. Defendant Walsh Construction Group, LLC is **ORDERED** to pay Mr. Erickson $3,988.45 in attorneys' fees and expenses.

This case remains closed.

**IT IS SO ORDERED.**

4/23/2026           s/Edmund A. Sargus, Jr.
DATE             EDMUND A. SARGUS, JR.
                UNITED STATES DISTRICT JUDGE